**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

|                                            |   |                          |
|--------------------------------------------|---|--------------------------|
| **SUSAN MILLER and BILL WARREN,**          | ) |                          |
|                                            | ) |                          |
| **Plaintiffs,**                            | ) |                          |
|                                            | ) |                          |
| v.                                         | ) | Misc. No. 10-0008-CG-C   |
|                                            | ) |                          |
| **WILLIAM MICHAEL STEVENS,**               | ) |                          |
|                                            | ) |                          |
| **Defendant.**                             | ) |                          |

## ORDER

This matter is before the court on plaintiffs' motion for an order holding garnishee Turning Leaf Medical, Inc. ("Turning Leaf") in contempt pursuant to Rule 45(e) (Doc. 22), and Turning Leaf's response thereto (Doc. 36).

Plaintiffs' counsel states that plaintiffs served a subpoena for production of documents on Turning Leaf on March 8, 2011 and the subpoena stated that Turning Leaf was to produce the documents within 15 days from the date of service. (Doc. 34, p. 7). The court had previously allowed Turning Leaf until April 25, 2011 to obtain counsel. (Doc. 27). An attorney appeared on behalf of Turning Leaf on April 7, 2001. (Doc. 30). Plaintiffs' counsel reports that he wrote Turning Leaf on May 5, 2011 and advised Turning Leaf that plaintiffs would file a motion with the Court if they did not receive the documents within seven days. On May 13, 2011, plaintiffs' counsel attempted to contact Turning Leaf's counsel by phone and Turning Leaf's counsel responded by e-mail that he had a meeting scheduled with his client the following week. Plaintiffs' counsel reports that plaintiffs sent a courtesy copy of the subpoena to Turning Leaf's counsel on May 24, 2011, and communicated that if the documents were not produced, plaintiffs' counsel

would file a motion with the Court on May 27, 2011. According to plaintiffs, to date they have not received the documents.

Turning Leaf's response does not deny the procedural history detailed in plaintiffs' motion. Nor does Turning Leaf object to the substance and scope of the subpoena or offer any reason why it could not respond to the subpoena. Instead Turning Leaf asserts procedural or technical objections to the subpoena. For instance, Turning Leaf contends that the proof of service is defective because it fails to meet the requirements of FED. R. CIV. P. 45(b)(4). Rule 45(b)(4) requires that "a statement showing the date and manner of service and the names of the persons served" be filed with the court and "certified by the server." Plaintiffs filed a copy of the first page of the subpoena along with a certificate of service on March 8, 2010. (Doc. 23). The certificate of service was signed by plaintiffs' counsel and stated the following:

> I hereby certify that I have caused a copy of the foregoing *Plaintiffs' First Request for Production to Defendant* to be served upon Turning Leaf Medical, Inc. by hand delivery of a copy thereof to Janet Hilton, its duly authorized officer and agent at 203 Vaughan Memorial Drive, Selma Alabama 36701, on this the 8th day of March, 2011.
> I hereby further certify that I have served a copy of the foregoing *Plaintiffs' First Request for Production to Defendant* upon defendant William M. Stevens by United States Mail at the address designated below on this the 8th day of March, 2011.
> William M. Stevens
> 423 Church Street
> Selma, AL 36701

(Doc. 23, p. 2). While the title of the document listed in the certificate of service is incorrect, it clearly referred to the attached subpoena for production of documents. The court finds that under the circumstances, the certificate sufficiently complied with Rule 45(b)(4). The court also notes that Turning Leaf does not assert that the persons listed did not actually receive a copy of the subpoena by hand on the date specified in the certificate of service.

Turning Leaf also asserts that the subpoena was not proper because Local Rule 26.1(b)(7) requires prior approval from the Judge or written stipulation of the parties for formal discovery relating to actions to enforce judgments. However, Rule 26.1 only requires prior approval or stipulation for formal discovery "under Fed.Rs.Civ.P. 30-36." SD ALA LR 26.1(b). While the Rules listed govern formal discovery and include the production of documents, they pertain to discovery among parties, not non-parties like Turning Leaf. Plaintiffs issued the subpoena pursuant to Rule 45 which is not listed as requiring prior approval or stipulation in Local Rule 26.1. Thus, the court does not find that the subpoena was improper under Local Rule 26.1.

Turning Leaf contends that the subpoena does not comply with 45(a)(2)(c) and 45(a)(3) because the subpoena was not issued by the Clerk and was not signed by counsel for the Plaintiff representing his authority to practice in the district where the production is requested to be made. The subpoena may be issued by either the court or an attorney authorized to practice in this court. See FED. R. CIV. P. 45(a)(3). The subpoena in this case was signed with the typed name of "/s/ W. Allen Sheehan" (Doc. 37), who as an attorney authorized to practice in this court is an officer of this court. There is no requirement that the attorney expressly state on the subpoena that he is authorized to practice in this district. However, although documents may be filed electronically in this court with a signature line containing the typed name of the attorney in the form: "s/(attorney name)", the document in this case was not signed for the purpose of electronic filing, but for the issuance of a subpoena. Thus, it does not appear to comply with the requirement in Rule 45(a)(3) that an attorney "sign" as an officer of the court.

The court also finds that the subpoena does not contain all of the language that is required to be set out in the subpoena pursuant to Rule 45(a)(1)(A)(iv). Turning Leaf objects to the subpoena

3

not having "set out the text of Rule 45(c) and (d)" as required by Rule 45(a)(1)(A)(iv). The subpoena does not quote or include the substance of Rule 45(c) and (d).

However, Rule 45(c)(2)(B) requires that if a person commanded to produce documents has an objection to the subpoena, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Turning Leaf did not object to the subpoena until June 3, 2011, when it filed its opposition to the motion for contempt – more than two months after objections were due. Turning Leaf also did not move to quash or modify the subpoena under 45(c)(3). If a person served with the subpoena has objections to it, the person must take some step, promptly, in order to avoid facing contempt for disobedience.

Rule 45(e) of the Federal Rules of Civil Procedure, provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Since Turning Leaf has offered no valid excuse for failing to comply with the subpoena and has failed to produce the documents for over two months, the court finds that plaintiffs' motion should be granted. A court may assess attorney's fees against the responsible party when, as here, that party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991) (citation omitted). Upon review of the proceedings, the court finds that the following sanctions should be and are hereby **IMPOSED** against **Turning Leaf Medical, Inc.**

> 1. Plaintiffs are awarded attorney's fees and expenses incurred in connection with their work in attempting to obtain the documents after the date on which they were due and in filing their motion for contempt. Such fees and expenses shall include the cost of preparing a fee statement with supporting documents to be submitted to the court on or before **June 24, 2011**.

2. A sanction is further imposed against Turning Leaf Medical, Inc., in the amount of **$ 250.00 (Two Hundred Fifty and no/100 Dollars)** per day from the date of the docketing of this order until Turning Leaf Medical, Inc., produces the documents as required by the subpoena.

**Turning Leaf Medical, Inc.** is **FURTHER ORDERED** to file a notice with this court when it has complied with the subpoena.

**DONE** and **ORDERED** this 6th day of June, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE