IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN MILLER and BILL WARREN, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   Misc. No. 10-0008-CG-C |
| | ) |
| WILLIAM MICHAEL STEVENS, | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

This matter is before the court on the motion of Turning Leaf Medical, Inc. ("Turning Leaf") for reconsideration pursuant to Rule 60(b) or for clarification of this court's order of June 6, 2011 (Doc. 39), and plaintiffs' notice of filing fee statement affidavit (Doc. 41).

This court previously imposed sanctions against Turning Leaf for failing to comply with a subpoena. (Doc. 38). The court awarded plaintiffs attorneys fees and expenses incurred in connection with their work in attempting to obtain the subpoenaed documents after the date on which they were due and imposed a sanction in the amount of $250.00 per day from the date of the docketing of the June 6, 2011, order until the documents were produced as required by the subpoena. (Doc. 38, pp. 4-5). Turning Leaf's current motion seeks reconsideration of the order or clarification that Turning Leaf's actions have now met its obligation under the subpoena.

Turning Leaf's current motion states that its counsel had been acting in good faith and had contacted plaintiffs' counsel and alleged that they believed the subpoena was defective on its face, and raised the question whether a subpoena had actually been issued. Turning Leaf's counsel points to an e-mail dated May 16, 2011, in which counsel included the following:

> To follow up on my last e-mail re: complying with the local rules, please let me know whether a subpoena was issued to Turning Leaf pursuant to Rule 45? If so, I'd appreciate a copy of the subpoena along with the documents requested. Same request for any notices to depose Turning Leaf, that is, the subpoena issued and sent to Turning Leaf and the actual request. If subpoenas were not issued, objection is made to each request for failure to comply with Rule 45. If subpoenas were sent, I'll get with Turning Leaf to review the documents.
>
> You can e-mail me the subpoenas, if any, and documents.

(Doc. 39-1, p. 3). However, Turning Leaf was served with the subpoena on March 8, 2011, and was to answer within 15 days from that date. (Doc. 34, p. 7). Plaintiffs' counsel attempted to work with counsel and sent a copy of the subpoena to Turning Leaf's counsel on May 24, 2011. Still, Turning Leaf failed to comply and did not file anything with the court objecting to the subpoena or move to quash or modify the subpoena. In addition, it is not clear that the above email even objects to the subpoena. Turning Leaf's counsel was not involved in this matter until some time after the subpoena was served and the email appears to question whether any subpoenas were issued. The email asks for copies of the subpoena and deposition notice _if_ they were issued. Regardless, plaintiffs clearly attempted to enforce the subpoena. Plaintiffs provided Turning Leaf's counsel with copies of the subpoena and

2

warned that they would file a motion with the court if Turning Leaf refused to comply. Yet, Turning Leaf still did nothing.

Turning Leaf also raises, for the first time, whether the subpoena was served to the proper address. The court notes that Turning Leaf makes no comment as to the whether the person who signed for the subpoena was in fact a duly authorized officer and agent of Turning Leaf. Moreover, the court finds it is too late to question this technicality now. Turning Leaf failed to raise this issue even when responding to plaintiffs' motion for sanctions.

Rule 60(b) allows a court to relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). The only provisions under which Turning Leaf could possibly be moving for reconsideration are subsections (1) and (6). However, Turning Leaf has not persuaded the court that the order of June 6, 2011, was the result of mistake,

3

inadvertence, surprise, or excusable neglect. Nor has Turning Leaf shown that any other reason justifies relief from the order.[1]

In the alternative, Turning Leaf asks this court to declare that Turning Leaf has now complied with the subpoena. The subpoena requests that Turning Leaf "produce and permit Plaintiffs' counsel an opportunity to inspect and copy" certain documents and Turning Leaf states that it has notified plaintiffs' counsel that the documents are available for inspection and copying at Turning Leaf's place of business after 2:00 p.m. each day, beginning June 8, 2011. Plaintiffs' counsel has not notified the court of any problem with this arrangement and the court presumes that Turning Leaf has adequately complied with the subpoena. The court is unable to assess whether all of the requested documents were provided in an orderly and reasonable manner for plaintiffs' counsel to inspect and copy. If plaintiffs' counsel, upon attempting to inspect and copy the documents, is not satisfied with Turning Leaf's reported compliance, they must try to work it out with Turning Leaf's counsel and, if unable to do so, should file a motion to compel. The court notes that it does not enjoy the role of babysitter and hopes that counsel can work out any minor disputes that remain regarding the subpoena. Again, the court presumes, since it has not received

---

[1] "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." <u>Crapp v. City of Miami Beach</u>, 242 F.3d 1017, 1020 (11th Cir. 2001)(quoting <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984)). Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the relief is "a matter for the district court's sound discretion." <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting <u>Booker v. Singletary</u>, 90 F.3d 440, 442 (11th Cir. 1996)). This court finds that there are no exceptional circumstances that warrant relief.

any additional notices, objections, or motions regarding the subpoena, that the subpoena has been adequately complied with. However, the court is unable to declare that Turning Leaf fully complied with the subpoena without further confirmation from plaintiffs' counsel that the arrangements and documents provided were adequate.

After reviewing the attorney fee accounting and affidavit submitted by plaintiffs' counsel (Doc. 41), the court finds that the requested fee award is reasonable and was reasonably incurred in attempting to collect the documents requested in plaintiffs' subpoena. Therefore, the court will award plaintiffs' fees in the amount of $1,787.00.

## **CONCLUSION**

For the reasons stated above, the motion of Turning Leaf Medical, Inc. for reconsideration pursuant to Rule 60(b) (Doc. 39) is **DENIED,** and plaintiffs are awarded attorneys fees in the amount of **$1,787.00** (One Thousand Seven Hundred Eighty-Seven and No/100 Dollars).

**DONE** and **ORDERED** this 30th day of June, 2011.


/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE